HARVEY B. AND GLORIA BROWN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brown v. Commissioner
Docket No. 20910-88
United States Tax Court
T.C. Memo 1989-475; 1989 Tax Ct. Memo LEXIS 476; 57 T.C.M. (CCH) 1557; T.C.M. (RIA) 89475; August 31, 1989
Harvey B. and Gloria Brown, pro se. Pamela S. Wilson, for the *477 respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $ 3,400 in petitioners' Federal income tax for 1985. The issue to be decided is whether disability payments, which petitioner Gloria Brown received from the State of California in 1985, are in the nature of unemployment compensation and taxable under section 85. [1]
All of the facts are stipulated. At the time the petition was filed, petitioners Harvey B. and Gloria Brown, husband and wife, were residents of Fremont, California. For approximately 14 years before 1985, Mrs. Brown worked for a small company in California. She suffered from a deformity of her feet and her doctor recommended that she have surgery. Her employer persuaded her to wait until the company's workload was reduced. In November 1984, Mrs. Brown was laid off from her job. In January 1985, she began collecting unemployment compensation payments from the State of California Unemployment Department (Unemployment Department). In February or March 1985, Mrs. Brown *478 informed the Unemployment Department that she intended to have foot surgery and she and her doctor filled out the forms required for her to receive disability payments. Sometime thereafter, Mrs. Brown had foot surgery which left her disabled. From January through March 1985, Mrs. Brown received $ 1,554 in unemployment compensation. In March 1985, she stopped receiving unemployment compensation and began receiving disability payments which came to a total of $ 8,750 in 1985. On their joint Federal income tax return for 1985, petitioners reported taxable unemployment compensation in the amount of $ 1,554. On the advice of their accountant, they did not report the disability payments of $ 8,750. Respondent determined that the $ 8,750 is taxable income. The payments totaling $ 8,750 which petitioner began receiving in March 1985 were designated by the California statutes as unemployment compensation disability benefits. The California Unemployment Insurance Code provides unemployment benefits to be paid to eligible unemployed individuals. Cal. Unemp. Ins. Code sec. 1251 (Deering 1985). *479 To be an eligible unemployed individual, the individual must be able and available to work, and must demonstrate that he or she is searching for employment. Cal. Unemp. Ins. Code sec. 1253 (Deering 1985). An unemployed individual who is unable to work or seek employment due to illness or disability may qualify for unemployment compensation disability benefits. Cal. Unemp. Ins. Code sec. 2625 (Deering 1985). Section 140.5 of the California Unemployment Insurance Code (Deering 1985) defines "Unemployment compensation disability benefits" as: money payments payable * * * to an eligible unemployed individual with respect to his wage losses due to unemployment as a result of illness or other disability resulting in such individual being unavailable or unable to work due to such illness or disability. To support his determination that the disability payments are taxable, respondent relies upon section 85[2] which, in the form in which it was in effect for 1985, provides for a limited exclusion of unemployment compensation payments from gross income. If the sum of the unemployment compensation *480 benefits and adjusted gross income (without regard to such benefits) exceeds a base amount ($ 18,000 for joint returns), the amount of unemployment compensation that is included in gross income generally is limited to the lesser of (1) one-half the excess of the individual's adjusted gross income over the base amount, or (2) the amount of the unemployment benefits received. Petitioners' adjusted gross income was sufficient under this formula to render the entire amount of the unemployment compensation, as well as the disability benefits, taxable. *481 Section 85(c) defines "unemployment compensation" to mean "any amount received under a law of the United States or of a State which is in the nature of unemployment compensation." The legislative history of section 85 indicates that Congress considered unemployment compensation benefits as a substitute for taxable wages. H. Rept. No. 95-1445, 1978-3 C.B. (Vol. 1) 181, 221, 223. Amplifying the section 85(c) definition of unemployment compensation, section 1.85-1(b)(1)(ii), Income Tax Regs., provides: (ii) Disability and worker's compensation payments. Amounts in the nature of unemployment compensation * * * include cash disability payments made pursuant to a governmental program as a substitute for cash unemployment payments to an unemployed taxpayer who is ineligible for such payments solely because of the disability. Usually these disability payments are paid in the same weekly amount and for the same period as the unemployed compensation benefits *482 to which the unemployed taxpayer otherwise would have been entitled. * * * This regulation closely parallels the explanation of the tax treatment of disability benefits in H. Rept. No. 95-1445, 1978-3 C.B. (Vol. 1) at 223, which accompanied the enactment of section 85, as follows: The definition of unemployment compensation covered by this provision * * * includes disability benefits paid under Federal or State law as a substitute for unemployment benefits to individuals who are ineligible for unemployment benefits because they are disabled. * * * [Fn. ref. omitted.] Under these provisions, petitioners correctly reported as income the $ 1,554 Mrs. Brown received as unemployment compensation from January through March 1985. Because she was physically unable to seek or obtain employment after her surgery, she was not eligible for unemployment compensation as such. However, she was eligible to, and did, receive disability benefits beginning in late March of 1985. Those payments totaling $ 8,750 were in the nature of unemployment compensation and were also taxable income under section 85 and the amplifying regulation. Petitioners assert that Mrs. Brown delayed *483 her surgery at her employer's request. Had she arranged to have her surgery before she was laid off from work, petitioners state that her benefits would have been nontaxable. Petitioners emphasize the unfairness of such a result and, if we understand their position, they argue that the case should be decided as if Mrs. Brown had been an employee when she had her surgery. We must, of course, decide the case on the basis of the facts as they existed rather than on the basis of assumed facts. Mrs. Brown was an eligible unemployed individual who was unable to work due to a disability and, on that ground, received the disability payments here in dispute. Under the law, those disability payments, viewed by Congress as a substitute for wages, are taxable. The record does not show what benefits, if any, Mrs. Brown would have received if she had become disabled while serving as an employee or the facts necessary to determine how any such benefits would be treated under the tax laws. Nothing would be gained by speculating on such questions. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the year in issue.↩
2. Sec. 85. UNEMPLOYMENT COMPENSATION. (a) In General. -- If the sum for the taxable year of the adjusted gross income of the taxpayer (determined without regard to this section, section 86, and section 221) and the unemployment compensation exceeds the base amount, gross income for the taxable year includes unemployment compensation in an amount equal to the lesser of -- (1) one-half of the amount of the excess of such sum over the base amount, or (2) the amount of the unemployment compensation. (b) Base Amount Defined. -- For purposes of this section, the term "base amount" means -- (1) except as provided in paragraphs (2) and (3), $ 12,000, (2) $ 18,000, in the case of a joint return under section 6013 * * * * * *↩